No. 12-4366

---

IN THE

# United States Court of Appeals

## FOR THE SIXTH CIRCUIT

---

PEABODY COAL CO.,

*Petitioner*

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR

and

EVA ELIZABETH HILL,

*Respondents.*

---

ON PETITION FOR REVIEW OF A DECISION
AND ORDER OF THE BENEFITS REVIEW BOARD,
UNITED STATES DEPARTMENT OF LABOR

---

### PETITIONER'S APPENDIX

---

Mark E. Solomons
Laura Metcoff Klaus
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
(202) 533-2361

## INDEX TO JOINT APPENDIX

| Item | Date | Page |
|---|---|---|
| Petition for Review | Nov. 19, 2012 (docketed) | J.A. 1 |
| Index to Certified Case Record | Dec. 17, 2012 | J.A. 3 |
| Decision and Order, Benefits Review Board | Sept. 26, 2012 | J.A. 9 |
| Decision and Order, Administrative Law Judge | Sept. 29, 2011 | J.A. 14 |
| Director's Exhibit No. 6 Claim for Survivor's Benefits | May 23, 2000 | J.A. 17 |
| Director's Exhibit No. 1 (excerpt) Administrative Law Judge Decision and Order | Feb. 20, 2002 | J.A. 19 |
| Director's Exhibit No. 1 (excerpt) Benefits Review Board Decision and Order | Jan. 28, 2003 | J.A. 34 |
| Director's Exhibit No. 1 (excerpt) Opinion of the U.S. Court of Appeals for the Sixth Circuit | April 7, 2004 | J.A. 40 |
| Director's Exhibit No. 1 (excerpt) Mandate of the U.S. Court of Appeals for the Sixth Circuit | June 1, 2004 | J.A. 45 |
| Director's Exhibit No. 7 Death Certificate | | J.A. 46 |
| Director's Exhibit No. 9 Claim for Survivor's Benefits | Jan. 13, 2011 | J.A. 47 |

RECEIVED

NOV 1 9 2012

DEBORAH S. HUNT, Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PEABODY COAL CO.,                           )
                                            )
                Petitioner,                 )
                                            )
        v.                                  )       No.  _____
                                            )
DIRECTOR, OFFICE OF WORKERS'                )
COMPENSATION PROGRAMS, UNITED               )
STATES DEPARTMENT OF LABOR, and             )
EVA HILL,                                   )
                                            )
                Respondents.                )
                                            )

PETITION FOR REVIEW OF DECISION AND ORDER OF THE BENEFITS
REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR

Peabody Coal Company ("Peabody"), herewith petitions this Court for
review of the decision and order of the Benefits Review Board, United States
Department of Labor, in Eva Hill v. Peabody Coal Co., et al., BRB No. 2012-0026
BLA issued on September 26, 2012.

This Court has jurisdiction of this matter pursuant to Section 21(c) of the
Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c).

Respectfully submitted,

Laura Metcoff Klaus
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
(202) 533-2362

CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2012, a copy of the foregoing Petition for Review of Decision and Order of the Benefits Review Board, United States Department of Labor was served on the following parties by first-class mail, postage prepaid.

Barry Joyner, Esq.
Office of the Solicitor
U.S. Department of Labor
Suite N-2117
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Brent Yonts, Esq.
P. O. Box 370
Greenville, Kentucky 42345

Laura Metcoff Klaus

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



December 17, 2012



Deborah S. Hunt, Clerk
U. S. Court of Appeals
 for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988

> Re:    CA# 12-4366 – Eva Elizabeth Hill (Widow of Arthur Hill), Respondent v.
>        Peabody Coal Company, Petitioner, and Director, Office of Workers'
>        Compensation Programs, Respondent (Case No. 11-BLA-5627)
>        (BRB No. 12-0026 BLA)

Dear Ms. Hunt:

The above-cited case has been appealed to your court.  Enclosed please find the certified
Index of Documents which comprises the record.

SINCERELY,

BENEFITS REVIEW BOARD

*Thomas O. Shepherd Jr.* /VM

Thomas O. Shepherd, Jr.
Clerk of the Board

J.A. 3

BRB No. 12-0026 BLA

CA #12-4366

## CERTIFICATE

I, Thomas O. Shepherd, Jr., Clerk of the Office of the Appellate Boards, U.S. Department of Labor, do hereby certify that the papers enclosed herewith constitute the record before the Board.

In testimony therefore, the undersigned has hereunder set his hand at Washington, D.C. this seventeenth day of December, 2012.

By: _____

Thomas O. Shepherd, Jr.
Clerk of the Office of the Appellate Boards

CA# 12-4366     Eva Elizabeth Hill (Widow of Arthur Hill), Respondent v.
                Peabody Coal Company, Petitioner, and Director, Office of
                Workers' Compensation Programs, Respondent (Case No.
                11-BLA-5627) (BRB No. 12-0026 BLA)

## INDEX OF DOCUMENTS                          PAGES

Benefits Review Board's Decision and Order affirming          1-6
as modified the administrative law judge's Decision and
Order Awarding Benefits, dated September 26, 2012.

Benefits Review Board order denying claimant's request        7-8
for an extension of time to file a response brief, dated
June 11, 2012.

Claimant's motion for time to file a response brief, from     9-11
Brent Yonts, dated May 17, 2012.

Director's response brief, from Barry H. Joyner, dated        12-15
April 30, 2012.

Benefits Review Board order denying Director's request        16-17
for an extension of time to file a response brief, dated
April 18, 2012.

Director's motion for an enlargement of time to file a        18-21
response brief, from Barry H. Joyner, dated March 14,
2012.

Employer's Petition for Review and brief, from                22-36
Laura Metcoff, dated February 6, 2012.

Benefits Review Board order denying employer's request        37-39
for an enlargement of time to file a Petition for Review and
brief, dated January 25, 2012.

Employer's motion for enlargement of time to file a Petition  40-44
for Review and brief, from Laura Metcoff Klaus, dated
December 16, 2011.

## INDEX OF DOCUMENTS CONT'D.

Letter transmitting the case record to the Benefits Review Board, from Steven D. Breeskin, dated October 31, 2011.    45

Benefits Review Board's letter acknowledging employer's Notice of Appeal, dated November 10, 2011.    46-47

Director's change in counsel letter, from Barry H. Joyner, dated October 18, 2011.    48

Employer's Notice of Appeal, from Mark E. Solomons, dated October 14, 2011.    49-52

Administrative Law Judge's Decision and Order Awarding Benefits, dated September 29, 2011.    53-58

Director's exhibit:    1 through 26

# SERVICE SHEET

CA# 12-4366          Eva Elizabeth Hill (Widow of Arthur Hill), Respondent v.
Peabody Coal Company, Petitioner, and Director, Office of
Workers' Compensation Programs, Respondent (Case No.
11-BLA-5627) (BRB No. 12-0026 BLA)

Copies were sent to the following:

Deborah S. Hunt, Clerk                                        UPS
U. S. Court of Appeals
 for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988

Laura Metcoff Klaus, Esq.                           Certified
Greenberg Traurig LLP
2101 L Street, N.W.
Suite 1000
Washington, DC 20037

Brent Yonts, Esq.                                     Certified
Brent Yonts, P.S.C.
114 Mill Street
P.O. Box 370
Greenville, KY 42345

Mrs. Eva Elizabeth Hill                               Certified
P.O. Box 382
Drakesboro, KY 42337

Barry H. Joyner, Esq.                                 Certified
Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, D.C. 20210

Mr. Steven Breeskin
District Director
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite C-3516, NDOL
Washington, D.C. 20210

Alice M. Craft
U.S. Department of Labor
Office of Administrative Law Judges
800 K Street, N.W.
Suite 400-N
Washington, DC 20001

U.S. Dep~~RECEIVED~~

NOV 1 9 2012

DEBORAH S. HUNT, Clerk

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 12-0026 BLA

EVA ELIZABETH HILL
(Widow of ARTHUR HILL)

    Claimant-Respondent

    v.

PEABODY COAL COMPANY

    Employer-Petitioner

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR

    Party-in-Interest

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NOT-PUBLISHED**

DATE ISSUED: __SEP 2 6 2012__

SEP 2 7 1012

DECISION and ORDER

Appeal of the Decision and Order Awarding Benefits of Alice M. Craft, Administrative Law Judge, United States Department of Labor.

Laura Metcoff Klaus (Greenberg Traurig LLP), Washington, D.C., for employer.

Barry H. Joyner (M. Patricia Smith, Solicitor of Labor; Rae Ellen James, Associate Solicitor; Michael J. Rutledge, Counsel for Administrative Litigation and Legal Advice), Washington, D.C., for the Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before: SMITH, McGRANERY and HALL, Administrative Appeals Judges.

SMITH, Administrative Appeals Judge:

Employer appeals the Decision and Order Awarding Benefits (2011-BLA-5627) of Administrative Law Judge Alice M. Craft, rendered on a survivor's subsequent claim filed pursuant to the provisions of the Black Lung Benefits Act, 30 U.S.C. §§901-944 (2006), *amended by* Pub. L. No. 111-148, §1556, 124 Stat. 119 (2010) (to be codified at

30 U.S.C. §§921(c)(4) and 932(*l*) (the Act).[1]  On March 23, 2010, amendments to the Act, contained in the Patient Protection and Affordable Care Act (PPACA), were passed, which affect claims filed after January 1, 2005 that were pending on or after March 23, 2010.  *See* Section 1556 of the PPACA, Public Law No. 111-148 (2010).  In pertinent part, the amendments revived 30 U.S.C. §932(*l*), which provides that the survivor of a miner who was eligible to receive benefits at the time of his or her death is automatically entitled to survivor's benefits, without having to establish that the miner's death was due to pneumoconiosis.

Claimant filed her subsequent survivor's claim on January 18, 2011.  Director's Exhibit 2.  On June 19, 2011, the administrative law judge issued an Order to Show Cause Why Benefits Should Not be Awarded Under the Automatic Survivor Entitlement Provision of the Black Lung Benefits Act Without Holding a Hearing.  None of the parties filed a response to the Order.  Decision and Order at 2.  The administrative law judge determined that, pursuant to amended Section 932(*l*), claimant was automatically entitled to benefits, and awarded survivor's benefits, commencing as of March 23, 2010, the date on which the PPACA was enacted.

On appeal, employer challenges the retroactive application of amended Section 932(*l*) to the subsequent survivor's claim, arguing that the claim is barred by the principles of res judicata and 20 C.F.R. §725.309(d).  Employer further maintains that "revising the facts and rewriting the law" violates its constitutional right to due process and the Administrative Procedure Act (APA), 5 U.S.C. §557(c)(3)(A), as incorporated into the Act by 30 U.S.C. §932(a), by means of 33 U.S.C. §919(d) and 5 U.S.C. §554(c)(2).[2]  Employer's Brief at 9.  The Director, Office of Workers' Compensation

---

[1] Claimant is the widow of the miner, Arthur Hill, who was receiving federal black lung benefits at the time of his death on May 9, 2000.  Director's Exhibits 3, 9, 14.  Claimant filed her initial survivor's claim on June 19, 2000, which was denied by Administrative Law Judge Robert L. Hillyard because claimant failed to establish that the miner's death was due to pneumoconiosis pursuant to 20 C.F.R. §718.205(c).  The Board, and the United States Court of Appeals for the Sixth Circuit, affirmed the denial of benefits.  *Hill v. Peabody Coal Co.*, No. 03-3321 (6th Cir. Apr. 7, 2004); *Hill v. Peabody Coal Co.*, BRB No. 02-0433 BLA (Jan. 28, 2003)(unpub.); Director's Exhibit 1.  Claimant took no further action with respect to this claim.

[2] Employer notes that challenges to the Patient Protection and Affordable Care Act (PPACA), Public Law No. 111-148 (2010), of which the amendments are a part, may affect the viability of amended Section 932(*l*).  Subsequent to the briefing in this case, the United States Supreme Court upheld the constitutionality of the PPACA. *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. ___, 2012 WL 2427810 (June 28, 2012).  Employer's request that this case be held in abeyance is, therefore, moot.

2

Programs (the Director), responds and urges the Board to affirm the award of benefits. However, the Director contends that the administrative law judge's finding that benefits commence on March 23, 2010, must be modified. Claimant has not filed a response brief.

The Board's scope of review is defined by statute. The administrative law judge's Decision and Order must be affirmed if it is rational, supported by substantial evidence, and in accordance with applicable law.[3] 33 U.S.C. §921(b)(3), as incorporated by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

As an initial matter, we reject employer's contention that retroactive application of the automatic entitlement provisions of amended Section 932(*l*) to claims filed after January 1, 2005, constitutes a due process violation and an unlawful taking of private property, for the same reasons the Board rejected substantially similar arguments in *Mathews v. United Pocahontas Coal Co.*, 24 BLR 1-193, 1-200 (2010), *recon. denied*, BRB No. 09-0666 BLA (Apr. 14, 2011) (Order) (unpub.), *appeal docketed*, No. 11-1620 (4th Cir. June 13, 2011). *See also W.Va. CWP Fund v. Stacy*, 671 F. 3d 378, 25 BLR 2-69 (4th Cir. 2011), *aff'g Stacy v. Olga Coal Co.*, 24 BLR 1-207 (2010), *petition for cert. filed*, U.S.L.W. (U.S. May 4, 2012)(No. 11-1342); *B&G Constr. Co. v. Director, OWCP [Campbell]*, 662 F.3d 233, 25 BLR 2-16 (3d Cir. 2011); *Keene v. Consolidation Coal Co.*, 645 F.3d 844, 24 BLR 2-385 (7th Cir. 2011). For the reasons set forth in *Campbell*, we also reject employer's argument that the automatic entitlement provision at amended Section 932(*l*), "is, in effect, an irrebuttable presumption that a miner's death is influenced by pneumoconiosis." *Campbell*, 662 F.3d at 254-58, 25 BLR at 2-47-53; Employer's Brief at 12.

Employer next alleges that the subsequent claim in this case is barred by the general principles of res judicata and 20 C.F.R. §725.309, as claimant's prior claim for survivor's benefits was denied and that denial became final. We disagree. The terms of 20 C.F.R. §725.309, which require that a subsequent claim be denied unless a change in an applicable condition of entitlement is established, do not preclude a survivor's subsequent claim, filed within the time limitations set forth in Section 1556 of the PPACA, as entitlement thereunder is not tied to relitigation of the prior finding that claimant did not prove that the miner's death was not due to pneumoconiosis. *See Richards v. Union Carbide Corp.*, BLR , BRB Nos. 11-0414 BLA and 11-0414 BLA-A, slip op. at 4-6 (Jan. 9, 2012) (en banc) (McGranery, J., concurring and dissenting)

---

[3] The record reflects that the miner's coal mine employment was in Kentucky. Director's Exhibit 1. Accordingly, this case arises within the jurisdiction of the United States Court of Appeals for the Sixth Circuit. *See Shupe v. Director, OWCP*, 12 BLR 1-200 (1989) (en banc).

3

(Boggs, J., dissenting), *appeal docketed*, No. 12-1294 (4th Cir. Mar. 8, 2012). Contrary to employer's contention, therefore, the automatic entitlement provisions of amended Section 932(*l*) are available to an eligible survivor who files a subsequent claim within the time limitations established in Section 1556 of the PPACA. *Id*

Finally, we agree with the Director that the administrative law judge did not set the proper date for the commencement of benefits. In *Richards*, the Board determined that the provisions of 20 C.F.R. §725.309(d)(5) must be applied in a survivor's subsequent claim to bar the payment of benefits from a date prior to the date upon which the denial of the prior claim became final. *Richards*, slip op. at 7-8. In the present case, the United States Court of Appeals for the Sixth Circuit issued its decision affirming the denial of benefits in claimant's 2000 claim on April 7, 2004 and the court's decision became final on June 1, 2004, when the court's mandate issued. *See Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 952, 22 BLR 2-46, 2-61 (6th Cir. 1999); Director's Exhibit 1. Thus, claimant's survivor's benefits properly commence as of July 1, 2004, the first day of the month after the month in which the prior denial of benefits became final. 20 C.F.R. §§725.309(d)(5), 725.479(a); *see Richards*, slip op. at 7-8.

Accordingly, the administrative law judge's Decision and Order Awarding Benefits is affirmed, as modified to reflect July 2004, as the date from which benefits commence.

SO ORDERED.

ROY P. SMITH
Administrative Appeals Judge

I concur:

BETTY JEAN HALL
Administrative Appeals Judge

McGRANERY, Administrative Appeals Judge, concurring:

I concur in the majority's decision affirming the award of benefits in this subsequent survivor's claim. I also concur in the majority's determination to modify the administrative law judge's order to provide for commencement of benefits in the month after the month in which the denial of the prior survivor's claim became final, because I

4

am bound by the majority's decision in *Richards v. Union Carbide Corp.*, BLR , BRB Nos. 11-0414 BLA and 11-0414 BLA-A (Jan. 9, 2012) (en banc) (McGranery, J., concurring and dissenting) (Boggs, J., dissenting), *appeal docketed*, No. 12-1294 (4th Cir. Mar. 8, 2012). In my separate opinion in *Richards*, I stated my disagreement with the majority's determination of the commencement of benefits in subsequent survivors' claims. I pointed out that the amended Act makes no distinction between survivors who had previously filed a claim for benefits and those who had not. In my view, pursuant to 20 C.F.R. §725.503(c), claimant is entitled to benefits from May 2000, the month in which the miner died.

REGINA C. McGRANERY
Administrative Appeals Judge

5

**U.S. Department of Labor**

Office of Administrative Law Judges
36 E. 7th St., Suite 2525
Cincinnati, Ohio 45202

(513) 684-3252
(513) 684-6108 (FAX)



**Issue Date: 29 September 2011**

Case No.:    **2011-BLA-5627**

*In the Matter of:*
EVA ELIZABETH HILL,
Survivor of ARTHUR HILL,
Claimant

v.

PEABODY COAL CO.,
Employer

and

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
Party-in-Interest

Appearances:
Eva Elizabeth Hill
*Pro se* Claimant

Philip J. Reverman, Jr., Esq.
Boehl Stopher & Graves, LLP
Louisville, Kentucky
For the Employer

Before:    Alice M. Craft
Administrative Law Judge

### DECISION AND ORDER AWARDING BENEFITS

This proceeding arises from a claim for benefits under the Black Lung Benefits Act.[1] The Act and implementing regulations[2] provide compensation and other benefits to living coal miners who are totally disabled due to pneumoconiosis and their dependents, and to surviving dependents of coal miners whose death was due to pneumoconiosis. The Act and regulations define pneumoconiosis, commonly known as black lung disease, as a chronic dust disease of the lungs and its sequelae, including respiratory and pulmonary impairments arising out of coal mine employment.[3] In this

---

[1] 30 U.S.C. § 901, *et seq.*
[2] 20 C.F.R. Parts 410, 718, 725, and 727.
[3] 30 U.S.C. § 902(b); 20 C.F.R. § 718.201 (2011).

case, the Claimant alleges that she is entitled to benefits as the eligible survivor of a Miner who was determined to be eligible to receive benefits at the time of his death.

The Claimant is the widow of a Miner who was receiving black lung benefits when he died. This is her second claim. Her first claim was finally denied by the Sixth Circuit Court of Appeals on April 7, 2004. Effective March 23, 2010, the Patient Protection and Affordable Care Act (PPACA)[4] amended the Black Lung Benefits Act to revive Section 422(l) of the Act,[5] providing that an eligible survivor of a miner who was eligible to receive benefits at the time of death is automatically entitled to survivor's benefits without having to establish that the miner's death was due to pneumoconiosis ("automatic survivor entitlement"). After enactment of the PPACA, the Claimant filed her second claim. Based on the automatic survivor entitlement provision, the District Director of the Office of Workers' Compensation Benefits (OWCP) issued an award of benefits. The Employer appealed, controverting the merits of the claim, and challenging the applicability and Constitutionality of the PPACA. On August 19, 2011, I issued an Order to Show Cause Why Benefits Should Not Be Awarded Under the Automatic Survivor Entitlement Provision of the Black Lung Benefits Act Without Holding a Hearing. None of the parties filed a response to the order.

In its responses to the District Director's award of benefits, the Employer contended that the claim was barred because the regulations prohibit filing a second survivor's claim, and that imposition of the PPACA violates the Employer's right to due process of law. The Employer also challenged the merits of the claim. The Constitutionality of the PPACA is an issue beyond the scope of my authority. Moreover, the applicability of PPACA to subsequent survivor claims is a legal issue. If the PPACA applies, the Claimant is automatically entitled to benefits. If the PPACA does not apply, the rule barring subsequent survivors' claims does apply, and the claim is barred. In either scenario, the Employer's challenge to the merits of the claim is not material to the outcome of the case. There are no material facts in dispute to be decided. Thus no hearing is needed to resolve this case, and the case is ripe for decision based on the evidence contained in Director's exhibits ("DX") 1–26, which are admitted into evidence.

PROCEDURAL HISTORY

The Miner filed a claim for benefits on June 16, 1983. DX 1 at 720. An award of benefits was finally affirmed by the Sixth Circuit Court of Appeals on August 18, 1997. DX 4. The Miner died on May 9, 2000. DX 14.

The Claimant filed a claim for survivor's benefits on June 19, 2000. DX 1 at 815. An Administrative Law Judge denied her claim on the ground that she had failed to establish that her husband's death was due to pneumoconiosis. The Judge's decision denying her claim was affirmed by the Benefits Review Board, and finally affirmed on appeal to the Sixth Circuit Court of Appeals on April 7, 2004. DX 7.

---

[4] Pub. L. No. 111-148, § 1556 (2011).
[5] 30 U.S.C. §932(l).

J.A. 14A

Case: 12-4366    Document: 21    Filed: 02/04/2013    Page: 18

The Claimant filed a second survivor's claim on January 18, 2011. DX 9. On January 26, 2011, the District Director, OWCP, issued a Revised Proposed Decision and Order awarding benefits under the automatic survivor entitlement provision of the PPACA. DX 17. The Employer appealed on February 10, 2011, DX 18, and requested the District Director to revise his proposed decision on February 14, 2011, DX 19. The claim was referred to the Office of Administrative Law Judges for hearing on March 22, 2011. DX 24.

## APPLICABLE STANDARDS

Before enactment of the PPACA, surviving spouses of miners who were receiving benefits based on claims filed before January 1, 1982, were automatically entitled to continuing benefits when the miner died if they were not married, were dependent on the deceased miner, and the miner was receiving benefits or was determined as the result of a claim filed prior to January 1, 1982, to have been totally disabled due to pneumoconiosis at the time of death, or to have died due to pneumoconiosis.[6] The PPACA removed the requirement that the miner's claim be filed prior to January 1, 1982, in order for a survivor to be entitled to a continuation of benefits. The PPACA applies to claims which, like this claim, were filed after March 23, 2010.

This is the Claimant's second claim, however. The regulations currently in effect provide in pertinent part:

(d) If a claimant files a claim ... more than one year after the effective date of a final order denying a claim previously filed by the claimant ... the [subsequent] claim shall be denied unless the claimant demonstrates that one of the applicable conditions of entitlement ... has changed since the date upon which the order denying the first claim became final. ...

...

(3) ... A subsequent claim filed by a surviving spouse ... shall be denied unless the applicable conditions of entitlement in such claim include at least one condition unrelated to the miner's physical condition at the time of his death.[7]

The Claimant's first claim was denied because she failed to establish that her husband's death was due to pneumoconiosis. For this reason, she cannot establish a change in conditions. If this regulation applies to her pending claim, the claim is barred by operation of the rule.

---

[6] See 30 U.S.C. § 932(l); 20 C.F.R. § § 718.305(e) and 725.212(a) (2011).
[7] 20 CFR § 725.309(d) (2011).

J.A. 15

ISSUE

The only issue before me is whether the PPACA conveys automatic entitlement to black lung benefits to the Claimant, or her claim is barred by 20 C.F.R. § 309(d).

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Claimant in this case is the Miner's widow. DX 3, DX 6, DX 7, DX 9, DX 14.

2. The Miner was awarded black lung benefits for total pulmonary or respiratory disability due to pneumoconiosis during his lifetime, and received benefits until his death on May 9, 2000. DX 1, DX 4, DX 5.

3. The Claimant filed her first claim for survivor's benefits on June 16, 2000. DX 1.  The claim was finally denied on April 7, 2004. DX 7.

4. The Claimant filed her second claim for survivor's benefits on January 18, 2011. DX 9.

5. The Claimant is an eligible survivor of the Miner.[8]  DX 3, DX 4, DX 6, DX 7, DX 9, DX 13, DX 14.

6. As amended by the PPACA, Section 422(l) of the Black Lung Benefits Act provides that eligible survivors of miners who were receiving black lung benefits at the time of death are automatically entitled to continuing benefits by stating:

> In no case shall the eligible survivors of a miner who was determined to be eligible to receive benefits under this subchapter at the time of his or her death be required to file a new claim for benefits, or refile or otherwise revalidate the claim of such miner.[9]

7. The provisions of 20 C.F.R. § 725.309, entitled "Additional claims; effect of a prior denial of benefits," do not apply, because under Section 422(l), the Claimant is not required to file a claim in order to receive benefits.

8. The Claimant is entitled to survivor's benefits under the PPACA.

9. Her entitlement commenced on the effective date of Section 422(l) as amended by the PPACA, March 23, 2010.

---

[8] *See* 20 C.F.R.  § 725.212 (2011).
[9] 30 U.S.C.  § 932(l), as amended by §1556 of P.L. 111-148 (2010).

J.A. 15A

FINDINGS AND CONCLUSIONS REGARDING ENTITLEMENT TO BENEFITS

Because she is an eligible survivor of a miner determined to be eligible to receive benefits at the time of his death, the Claimant is entitled to benefits under the Black Lung Benefits Act as amended by the Patient Protection and Affordable Care Act.

**ORDER**

The claim for benefits filed by the Claimant on January 18, 2011, is GRANTED. Benefits are payable by the Employer.

*Alice M. Craft.*

Alice M. Craft
Administrative Law Judge

**NOTICE OF APPEAL RIGHTS:** If you are dissatisfied with the administrative law judge's decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the administrative law judge's decision is filed with the district director's office.[10] The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used.[11] Once an appeal is filed, all inquiries and correspondence should be directed to the Board. After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed. At the time you file an appeal with the Board, you must also send a copy of the appeal letter to Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210.[12] If an appeal is not timely filed with the Board, the administrative law judge's decision becomes the final order of the Secretary of Labor.[13]

---

[10] *See* 20 C.F.R. §§ 725.478 and 725.479 (2011).
[11] *See* 20 C.F.R. § 802.207 (2011).
[12] *See* 20 C.F.R. § 725.481 (2011).
[13] 20 C.F.R. § 725.479(a) (2011).

**Survivor's Form For Benefits Under The Black Lung Benefits Act**

**U. S. Department Of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs
Division of Coal Mine Workers' Compensation

If you are a survivor of a person who was receiving Federal black lung benefits resulting from a claim filed before 1982, this form is a Survivor's Notification of the Beneficiary's Death. Otherwise, this is a claim for survivor's benefits. This form is authorized by the Black Lung Benefits Act (30 U.S.C. 901, et seq.) and by 20 C.F.R. 410.221 and 20 C.F.R.725.304. This information will be used to determine possible eligibility for and the amount of benefits payable under the Act. Benefits may be payable to you, your children and all children of the deceased miner. The information on this form is required to obtain a benefit. However, disclosure of your or the deceased miner's Social Security Number is voluntary; the failure to disclose such number will not result in the denial of any right, benefit or privilege to which an individual may be entitled.

OMB No: 1215-0069
Expires: 08/31/2001
(For Agency Use Only)

1. Deceased Coal Miner's Name: First **Arthur** Middle Last **Hill**

2. Deceased Coal Miner's Social Security Number: [redacted] **LW – C**

3. COAL MINER'S BIRTH AND DEATH DATES (ATTACH DEATH CERTIFICATE IF AVAILABLE)
Date of Birth: **9/15/1921** Date of Death: **05/09/2000** Autopsy? Yes (No)

4. Your Name: First *Eva Elizabeth* Middle Last *Hill*

5. Your Social Security Number: [redacted]

6. Your Date of Birth: *04-12-1930*

7. SHOW YOUR RELATIONSHIP TO THE MINER
(✓) Surviving Spouse (wife or husband)   ( ) Dependent Child
( ) Surviving Divorced Spouse   ( ) Dependent Parent, Brother or Sister

8. Have you or the miner ever filed a State or Federal workers' compensation claim for death or disability due to coal workers' pneumoconiosis (Black Lung) or any other lung conditions? (Yes) No

9. Have you or any dependent of the miner ever received Federal Black Lung Benefits under another miner's Social Security number? Yes (No)

*** IF YOU ARE FILING AS A CHILD, PARENT, BROTHER OR SISTER, GO TO QUESTION 12 ***

10. Do you or the miner have any dependent children under age 18; age 18 to age 23 and attending school; age 18 or older and disabled? Yes (No)

11. Were you or the miner ever married to anyone else at any time? Yes (No)

12. Do you authorize any physician, hospital, agency or other organization (including the Social Security Administration) to disclose to the U.S. Department of Labor any medical records or other information important to your claim? (Yes) No

13. The following events may affect your entitlement to Federal Black Lung Benefits. Do you agree to notify the U.S. Department of Labor promptly if any of the events listed below occur? (Yes) No

- You become entitled to receive any workers' compensation or occupational disease payments because of the miner's disability or death due to pneumoconiosis (Black Lung Disease).

- A person receiving benefits marries, dies, or is adopted by someone else, becomes disabled or the existing disability ceases, or if divorced, receives support payments from previous spouse.

- A child (age 18-23) stops attending school, or in the case of a disabled child (age 18 or over), the disabling condition improves.

**(PLEASE COMPLETE THE OTHER SIDE OF THIS FORM)**

RECEIVED JUN 1 9 2000 ESA/OWCP/DCMWC PIKEVILLE, KY.

Form CM - 912
Rev. Oct. 1998



DIRECTOR EXHIBIT NO 6 CONSISTING OF 2 PAGES

6-1

## PRIVACY ACT NOTICE

In accordance with the Privacy Act of 1974 (5 U.S.C. 552a), as amended, you are hereby notified that: (1) the Black Lung Benefits Act (BLBA) (30 U.S.C. 901 et seq.), as amended, is administered by the Office of Workers' Compensation Programs (OWCP) of the U.S. Department of Labor, which receives and maintains personal information, relative to this application, on claimants and their immediate families; (2) information obtained by OWCP will be used to determine eligibility for benefits payable under the BLBA; (3) information may be given to coal mine operators potentially liable for payment of the claim or to the insurance carrier or other entity which secured the operator's compensation liability; (4) information may be given to physicians or other medical service providers for use in providing treatment, making evaluations and for other purposes relating to the medical management of the claim; (5) information may be given to the Department of Labor's Office of Administrative Law Judges, or other person, board or organization, which is authorized or required to render decisions with respect to the claim or other matters arising in connection with the claim; (6) information may be given to Federal, state or local agencies for law enforcement purposes, to obtain information relevant to a decision under the BLBA, to determine whether benefits are being or have been paid properly, and where appropriate, to pursue administrative offset and/or debt collection actions required or permitted by law; (7) disclosure of the claimant's or deceased miner's Social Security Number (SSN) or tax identifying number (TIN) on this form is voluntary, and the SSN and/or TIN and other information maintained by the OWCP may be used for identification and for other purposes authorized by law; (8) failure to disclose all requested information, other than the SSN or TIN, may delay the processing of this claim or the payment of benefits, or may result in an unfavorable decision or reduced level of benefits.

COMPUTER MATCHING PROGRAM. The Department of Labor conducts computer matches with the Social Security Administration. Any information provided by applicants or and recipients of financial assistance or payments under Federal benefit programs may be subject to verification through computer matches which the Department of Labor conducts with the Social Security Administration

## SIGNATURE OF APPLICANT

I hereby certify that the information given by me on and in connection with this form is true and correct to the best of my knowledge and belief. I am fully aware that any person who willfully makes any false or misleading statement or representation for the purpose of obtaining any benefit or payment under this title shall be guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not more than $1,000.00, or by imprisonment for not more than one year, or both.

| Signature in ink (First, Middle, Last) | Date |
|---|---|
| *Eva Elizabeth Hill* | 5-23-00 |
| Mailing Address (Number, Street, Apt.No., PO Box) | County you live in |
| P. O. Box 382 | Muhlenberg |
| City, State, Zip Code | Area Code and Telephone Number |
| Drakesboro  Ky  42337 | 270-476-8818 |

Witnesses are required only if this application has been signed by mark (X) above. If signed by mark (X), two witnesses to the signing who know the applicant must sign below, giving their full address.

| Signature of Witness | Signature of Witness |
|---|---|
| Address of Witness | Address of Witness |
| City, Sate, Zip Code | City, State, Zip Code |

Public reporting for this collection of information is estimated to average 8 minutes per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Division of Coal Mine Workers' Compensation, 200 Constitution Avenue, NW, Room C-3520, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THIS OFFICE.**

Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

U.S. Department of Labor

**Office of Administrative Law Judges**
36 E. 7th Street, Suite 2525
Cincinnati, Ohio 45202

(513) 684-3252
(513) 684-6108 (FAX)



Issue date: 20Feb2002

Case No.:    2001-BLA-0340

In the Matter of:

EVA ELIZABETH HILL, Widow
of ARTHUR HILL,
          Claimant

     v.

PEABODY COAL COMPANY,
          Employer

OLD REPUBLIC INSURANCE COMPANY,
          Carrier

   and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
          Party-in-Interest

APPEARANCES:[1]

Brent Yonts, Esq.
      For the Claimant

Philip J. Reverman, Jr., Esq.
      For the Employer

Before:    Robert L. Hillyard
          Administrative Law Judge

## DECISION AND ORDER - DENIAL OF BENEFITS

This proceeding arises from a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901, *et seq.*, as amended (Act). In accordance with the Act and the regulations issued thereunder, this case was referred to the Office of

---

[1]     The Director, OWCP, was not represented at the hearing.

Administrative Law Judges by the Director, Office of Workers' Compensation Programs (OWCP), for a formal hearing.

Benefits under the Act are awarded to persons who are totally disabled within the meaning of the Act due to pneumoconiosis. Survivors of persons who were totally disabled at the time of their death or whose deaths were caused by pneumoconiosis also may recover benefits. Pneumoconiosis is a dust disease of the lungs arising out of coal mine employment and is commonly known as black lung.

A formal hearing in this case was held on November 29, 2001 in Madisonville, Kentucky. Each of the parties was afforded full opportunity to present evidence and argument at the hearing as provided in the Act and the regulations issued thereunder, which are found in Title 20 of the Code of Federal Regulations. Regulation section numbers mentioned in this Decision and Order refer to sections of that Title.

The findings and conclusions which follow are based upon my observation of the appearance and the demeanor of the witnesses who testified at the hearing, and upon a careful analysis of the entire record in light of the arguments of the parties, applicable statutory provisions, regulations, and pertinent case law.

## I.   STATEMENT OF THE CASE

The Claimant, Eva Elizabeth Hill, filed a survivor's claim for benefits on June 19, 2000 (DX 1).[2]  A Notice of Claim was sent to the Employer, Peabody Coal Company, on June 22, 2000 (DX 15).  The Employer filed a Notice of Controversion on July 14, 2000 (DX 17).  OWCP denied the claim on October 3, 2000 (DX 11).  The Claimant appealed and requested a formal hearing on October 18, 2000 (DX 12).  The claim was transferred to the Office of Administrative Law Judges on January 3, 2001 (DX 22).

The Miner, Arthur L. Hill, filed a claim for black lung benefits on June 20, 1983 (DX 21, pp. 557-560).  By Decision and Order dated October 5, 1987, Administrative Law Judge Frederick D. Neusner awarded benefits, finding that the Miner had pneumoconiosis arising out of coal mine employment, and that the Miner was totally disabled due to pneumoconiosis (DX 21,

---

[2]   In this Decision and Order, "DX" refers to the Director's Exhibits, "CX" refers to the Claimant's Exhibits, "EX" refers to the Employer's Exhibits, and "Tr." refers to the transcript of the November 29, 2001 hearing.

J-53
J.A. 20

pp. 193-203). The Employer and the Carrier, Old Republic Insurance Company, appealed and the Benefits Review Board (Board) vacated Judge Neusner's findings as to total disability and total disability due to pneumoconiosis, and remanded the case to Judge Neusner (DX 21, pp. 154-156). By Decision and Order dated May 8, 1990, Judge Neusner awarded benefits, finding that the medical opinion evidence was sufficient to establish that the Miner had pneumoconiosis arising out of coal mine employment and that he was totally disabled due to pneumoconiosis (DX 21, pp. 144-151). The Employer appealed and the Board affirmed Judge Neusner's Decision and Order on Remand (DX 21, pp. 84-89). The Employer and the Carrier filed a Motion for Reconsideration which was denied by the Board on March 22, 1996 (DX 21, p. 56). The Employer and the Carrier appealed, and the Sixth Circuit Court of Appeals affirmed the Board's Decision by Decision and Order dated August 18, 1997 (DX 21, pp. 28-39).

## II.  ISSUES

The specific issues presented for resolution as noted on Form CM-1025 (DX 22) are as follows:[3]

1.  Whether the Miner's death was due to pneumoconiosis;

2.  Other issues:[4]

    a.  Whether the regulations are constitutional; and,

---

[3]  Controversion was withdrawn to the following issues at the hearing:  whether the claim was timely filed; whether Arthur Hill was a miner within the meaning of the Act; whether Arthur Hill worked as a miner after December 31, 1969; the length of the Miner's coal mine employment; whether the Miner had pneumoconiosis as defined by the Act and the regulations; whether the Miner's pneumoconiosis arose out of coal mine employment; whether the Miner was totally disabled; whether the Claimant is an eligible survivor of a miner; whether Peabody Coal Company is the Responsible Operator; and, whether the Miner's most recent period of cumulative employment of not less than one year was with the named Responsible Operator (Tr. 8-9).

[4]  These issues involve the constitutionality of the Act and the regulations.  Administrative Law Judges are precluded from ruling on the constitutionality of the Act.  Therefore, these issues will not be ruled on herein but are preserved for appeal purposes.

-3-

b.   Whether the Responsible Operator is liable for
medical and legal expenses.

## III.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Background

The Miner, Arthur L. Hill, was born on September 15, 1921 and died on May 9, 2000 at the age of seventy-eight (DX 6). The Claimant, Eva Elizabeth Hill, married the Miner on September 20, 1947, has not remarried, and is the surviving spouse of the Miner (DX 21, p. 543; Tr. 10). There are no dependents for the purpose of augmentation of benefits (DX 1).

### Smoking History

The physicians of record noted extensive smoking histories. In his August 9, 1983 examination report, Dr. Simpao wrote that the Miner smoked one-half to three-fourths of a pack of cigarettes per day for thirty years (DX 8; DX 21, p. 526). In his January 25, 1983 examination report, Dr. Simpao reported that the Miner smoked one-half pack of cigarettes per day for fifty years (DX 8; DX 21, pp. 491-493). Dr. Anderson wrote that the Miner smoked one pack of cigarettes per day since the age of eighteen (DX 21, p. 435). Dr. O'Neill noted that the Miner "smokes one pack of cigarettes daily and has done so for most of his adult life" (DX 21, pp. 345-346). Dr. Traughber wrote that the Miner had a "30 to 40 pack year history of smoking" (DX 21, pp. 479-480). Judge Neusner did not make a finding as to the Miner's smoking history in his October 5, 1987 Decision and Order Awarding Benefits (DX 21, pp. 193-203). At the September 10, 1986 hearing in Owensboro, Kentucky before Judge Neusner, the Miner testified that he smoked one pack of cigarettes per day for most of his adult life, that he quit smoking cigarettes six months prior to the hearing, but smoked a pipe three to four times per day (DX 21, pp. 236-237, 239). Based on the Miner's testimony as supported by the histories reported by the physicians of record, I find that the Miner had a smoking history of one pack of cigarettes per day from age eighteen (1939) to 1986, a total of forty-seven years.

### Length of Coal Mine Employment

At the formal hearing held on November 29, 2001, the Employer withdrew controversion to the length of the Miner's coal mine employment (Tr. 8). The Claimant alleged forty-one years of coal mine employment (DX 2). This is supported by the evidence of record and I so find.

1-55
J.A. 22

## Responsible Operator

Peabody Coal Company does not contest its designation as the Responsible Operator. This is supported by the evidence of record and I so find.

### IV. MEDICAL EVIDENCE

#### A. X-ray Studies

| | Date | Exhibit | Doctor | Reading | Standards |
|---|---|---|---|---|---|
| 1. | 5/7/00 | DX 8 | Verhulst | No mention of pneumo. | Not noted |
| 2. | 4/29/00 | DX 8 | Galuten | No mention of pneumo. | Not noted |
| 3. | 3/31/00 | DX 8 | Not listed | No mention of pneumo. | Not noted |
| 4. | 2/21/00 | DX 8 | Galuten | No mention of pneumo. | Not noted |
| 5. | 8/9/83 | DX 21, p. 518 | Cole B reader[5] Board cert.[6] | No pneumo. | Fair |
| 6. | 8/9/83 | DX 21, p. 517 | Stokes | 1/0, q | Good |
| 7. | 8/9/83 | DX 21, pp. 263-264 | Wiot B reader Board cert. | No pneumo. | Fair |

---

[5]    A "B reader" is a physician who has demonstrated proficiency in assessing and classifying x-ray evidence of pneumoconiosis by successfully completing an examination conducted by or on behalf of the Department of Health and Human Services. *See* 42 C.F.R. § 37.51 (b)(2).

[6]    A Board-certified Radiologist is a physician who is certified in Radiology or Diagnostic Roentgenology by the American Board of Radiology or the American Osteopathic Association. *See* § 718.202(a)(ii)(C).

1-56
J.A. 23

| | Date | Exhibit | Doctor | Reading | Standards |
|---|---|---|---|---|---|
| 8. | 5/20/83 | DX 21, p. 433 | Felson B reader | No pneumo. | Good |
| 9. | 5/20/83 | DX 21, p. 409 | Pendergrass B reader Board cert. | No pneumo. | Good |
| 10. | 3/18/83 | DX 21, p. 483 | Traughber | 1/0, s,t | Fair |
| 11. | 3/18/83 | DX 21, pp. 266-267 | Quillin B reader Board cert. | No pneumo. | Good |
| 12. | 3/18/83 | DX 21, p. 261 | Cole B reader Board cert. | No pneumo. | Fair |
| 13. | 1/25/83 | DX 21, p. 501 | Hicks | 1/1, p | Good |
| 14. | 1/11/83 | DX 21, p. 506 | Brandon B reader Board cert. | 1/2, p | Fair |
| 15. | 1/11/83 | DX 21, p. 507 | Gale | 1/1, q,p | Not noted |
| 16. | 1/11/83 | DX 21, p. 508 | Bassali B reader | 1/1, p,q | Good |
| 17. | 12/1/81 | DX 21, p. 509 | Stokes | 1/2 | Not noted |
| 18. | 12/1/81 | DX 8 | West | Pneumo. not noted | Not noted |

1-57
J.A. 24

B.   Pulmonary Function Studies[7]

| | Date | Exh. | Doctor | Age/Height | FEV$_1$ | FVC | MVV | FEV$_1$/FVC | Standards |
|---|---|---|---|---|---|---|---|---|---|
| 1. | 8/9/83 | DX 21, p. 539 | Simpao | 61/67" | 1.89 | 2.57 | 63 | 74% | Not noted; Three tracings |

Comment:          Indicates moderate obstructive airway disease.

Validity:          Dr. S.S. Kramen, a Board-certified Pulmonologist, wrote that this test was acceptable (DX 21, p. 530).

| | Date | Exh. | Doctor | Age/Height | FEV$_1$ | FVC | MVV | FEV$_1$/FVC | Standards |
|---|---|---|---|---|---|---|---|---|---|
| 2. | 6/6/83 | DX 21, p. 343 | O'Neill | 61/67" | 1.91 | 2.51 | 50 | 76% | Fair effort; Comp. not noted; Three tracings |

Validity:          Dr. O'Neill wrote that this test was invalid due to inadequate effort.

| | Date | Exh. | Doctor | Age/Height | FEV$_1$ | FVC | MVV | FEV$_1$/FVC | Standards |
|---|---|---|---|---|---|---|---|---|---|
| 3. | 3/18/83 | DX 8; DX 21, pp. 481-490 | Traughber | 61/67.5" | 2.2 | 2.89 | 74 | 76% | Good coop. and comp.; Three tracings |
| 4. | 1/27/83 | DX 8; DX 21, pp. 289, 502-505 | West | 61/67" | 2.03 | 2.84 | 65 | 71% | Not noted; Three tracings |
| 5. | 1/25/83 | DX 8; DX 21, pp. 493-495 | Simpao | 61/67" | 2.18 | 2.95 | 66 | 74% | Good coop. and comp.; Three tracings |

Comment:          Mild restrictive and obstructive airway disease.

---

[7]   Because the physicians conducting pulmonary function studies noted varying heights, I must make a finding on the Miner's height. *See Protopappas v. Director*, OWCP, 6 B.L.R. 1-221, 1-223 (1983). Based on the height most frequently noted, I find the Miner's height to be sixty-seven inches.

C.   Blood Gas Studies

| | Date | Exhibit | Doctor | $pCO_2$ | $pO_2$ |
|---|---|---|---|---|---|
| 1. | 8/9/83 | DX 8; DX 21, pp. 521-523 | Simpao | 38.1 34.5 | 74.0 Rest 102.4 Exercise |
| 2. | 6/6/83 | DX 21, pp. 342, 346 | O'Neill | 37.9 | 72.7 |

Comment:  Mild hypoxemia

| | | | | | |
|---|---|---|---|---|---|
| 3. | 3/18/83 | DX 21, p. 481 | Traughber | 34.7 | 80.8 |
| 4. | 1/25/83 | DX 8; DX 21, p. 499 | Simpao | 43.5 39.1 | 66.0 Rest 97.1 Exercise |

D.   Death Certificate

The Miner's Death Certificate, signed by Dr. Aubrey L. Armstrong, lists the date of death as May 9, 2000, and the immediate cause of death as carcinoma of the pancreas, due to or as a consequence of pneumonia, due to or as a consequence of pneumoconiosis (DX 6).

E.   Narrative Medical Evidence

1.   Dr. Gregory J. Fino, a B reader and Board-certified Internist and Pulmonologist, issued a consultative report dated October 17, 2001.  Dr. Fino reviewed the Miner's hospital records, x-rays, and occupational and smoking histories from February 2000 through May 2000 and opined:

. . . carcinoma of the pancreas is a uniformly fatal condition.  Coal workers' pneumoconiosis did not cause, contribute to nor hasten his death.

(EX 2).

2.   Dr. P. Raphael Caffrey, a Board-certified Anatomical and Clinical Pathologist, issued a consultative report dated September 5, 2001.  He reviewed the Miner's medical records and chest x-rays from Muhlenberg Community Hospital dated from February 2000 through May 2000, Judge Neusner's October 5, 1987

Decision and Order Awarding Benefits, and a copy of the Miner's death certificate. Dr. Caffrey opined:

> . . . the simple coalworkers' pneumoconiosis that Mr. Hill was said to have had definitely did not cause, contribute to, or hasten his death.

Dr. Caffrey stated that the Miner's death was due to carcinoma of the pancreas and pneumonia, although he believed that the Miner suffered from simple pneumoconiosis. Dr. Caffrey wrote that there is a higher incidence of pancreatic cancer in smokers, such as the Miner. He concluded that there "is definitely no cause and effect relationship between [the Miner's] employment in the coal mining industry and pancreatic cancer" (EX 1).

3. In an August 18, 2000 response to an inquiry letter from OWCP regarding the cause of the Miner's death, Dr. N.K. Burki wrote:

> This miner's death was due to pneumonia and pancreatic carcinoma for which he was repeatedly admitted to hospital. Neither of these 2 conditions is related to pneumoconiosis. There is no evidence that the pneumoconiosis contributed to, or hastened his death

(DX 9).

4. Hospital records from Muhlenberg Community Hospital dated from February 21, 2000 through May 9, 2000 discuss the Miner's various admissions and discharges for treatment of carcinoma of the pancreas, and state that the Miner has a "history of chronic obstructive pulmonary disease and coal miners pneumoconiosis" (DX 8).

5. Dr. Henry Pendergrass, a B reader and Board-certified Radiologist, was deposed by the Employer on November 8, 1983, at which time he stated that he read the Miner's May 26, 1983 x-ray and found no evidence of coal workers' pneumoconiosis (DX 21, p. 370).

6. Dr. Jerome F. Wiot, a B reader and Board-certified Radiologist, was deposed by the Employer on September 19, 1983, at which time he stated that he read the Miner's May 20, 1983 x-ray and found no evidence of coal workers' pneumoconiosis (DX 21, p. 347).

1-60
J.A. 27

7.   Dr. Benjamin Felson, a B reader, and Board-certified Radiologist, was deposed by the Department of Labor on September 7, 1983, at which time he stated that he read the Miner's July 27, 1983 x-ray and found no evidence of coal workers' pneumoconiosis (DX 21, p. 413).

8.   a.   Dr. Valentino Simpao examined the Miner on August 9, 1983, at which time he reviewed the Miner's symptoms and his medical (frequent colds, pleurisy, attacks of wheezing, chronic bronchitis, bronchial asthma, and arthritis), smoking (one-half to three-fourths of a pack of cigarettes per day for thirty years), and family histories, and performed a physical examination, pulmonary function study, arterial blood gas study, and EKG. Dr. Simpao diagnosed pulmonary fibrosis and chronic bronchitis. In his opinion, the Miner's diagnosed conditions are related to the dust exposure in the Miner's coal mine employment (DX 8; DX 21, p. 526).

b.   Dr. Simpao examined the Miner on January 25, 1983, at which time he reviewed the Miner's symptoms and his occupational (thirty-nine years in coal mine - all underground), medical (semi-productive cough, shortness of breath, coughing spells), smoking (one-half pack of cigarettes per day for fifty years), and family histories, and performed a physical examination, pulmonary function study, and arterial blood gas study ("ventilation perfusion defect"). Dr. Simpao diagnosed pulmonary fibrosis with chronic bronchitis. In his opinion, the Miner's pulmonary condition was contributed to by his employment as a coal miner (DX 8; DX 21, pp. 491-493).

9.   Dr. William H. Anderson, a Board-certified Internist and Pulmonologist, was deposed by the Department of Labor on August 1, 1983. Dr. Anderson stated that he examined the Miner on May 20, 1983, at which time he reviewed the Miner's medical history and conducted a physical examination, EKG, pulmonary function test, arterial blood gas study, and chest x-ray. He stated that he read the Miner's chest x-ray as negative for pneumoconiosis, and his final diagnosis was that the Miner had "symptoms of arteriosclerotic heart disease; no evidence of pneumoconiosis; and a mild decrease in his ventilatory function which related to his having smoked one pack of cigarettes per day since the age of eighteen (DX 21, p. 435).

10.   a.   Dr. Richard P. O'Neill, a Board-certified Internist and Pulmonologist, examined the Miner on June 6, 1983, at which time he reviewed the Miner's symptoms and his occupational ("worked as an underground coal miner for 41 years"), medical (progressive exertional dyspnea, paroxysmal

1-61
J.A. 28

nocturnal dyspnea, chest pain), smoking ("smokes one pack of cigarettes daily and has done so for most of his adult life"), and family histories, and performed a physical examination, pulmonary function study (spirometry invalid due to inadequate effort), arterial blood gas study (mild hypoxemia), and interpreted an x-ray (0/0). Dr. O'Neill diagnosed: (1) probable mild obstructive airway disease - clinical impression; and, (2) no evidence of pneumoconiosis (DX 21, pp. 345-346).

b. Dr. O'Neill was deposed by the Employer on August 10, 1983, at which time he recounted his earlier findings and stated that the Miner had "probable mild obstructive airway disease" and "no evidence of pneumoconiosis." Dr. O'Neill opined that the Miner's smoking habit was the major contributing factor to his complaints, and that he did not have an occupational lung disease (DX 21, p. 316).

11. a. Dr. Sam H. Traughber, a Board-certified Internist, examined the Miner on March 18, 1983, at which time he reviewed the Miner's symptoms and his occupational ("37 to 38 years in mining as a shuttle car driver"), medical (productive cough, short of breath), smoking ("30 to 40 pack year history of smoking"), and family histories, and performed a physical examination, pulmonary function study ("reduction in the [FVC] with roughly 25% reduction in MVV"), and interpreted an x-ray ("1/0 pneumoconiosis"). Dr. Traughber diagnosed: (1) coal workers' pneumoconiosis, x-ray category 1/1; and, (2) chest pain of uncertain etiology. In his opinion, the Miner's "deficit is due to his exposure to coal dust and due probably in part to his cigarette smoking" (DX 21, pp. 479-480).

b. Dr. Traughber was deposed by counsel for the Miner on July 26, 1983, at which time he recounted his earlier findings and stated that the Miner had coal workers' pneumoconiosis and "some degree of bronchial irritation at least from cigarette smoking," but stated that he could not ascertain the amount due to each. Dr. Traughber opined that the Miner's "work exposure history and his pulmonary function tests are compatible with coal workers' pneumoconiosis" (DX 21, p. 292).

12. a. Dr. William G. West, Jr., examined the Miner on January 28, 1983, at which time he reviewed the Miner's symptoms and his occupational ("39 years in coal mining, all underground, until January 18, 1983"), medical (dyspnea, short of breath upon walking on inclines, running, and coughing), and family histories, and performed a physical examination, pulmonary function study ("restrictive ventilatory defect, suggesting

superimposed airway obstruction"), and interpreted an x-ray ("12/1/81 x-ray compatible with coal workers' pneumoconiosis when coupled with work history"). Dr. West diagnosed coal workers' pneumoconiosis "contracted through inhaling coal dust during the entire period that he was employed as a coal miner." In his opinion, the Miner "is disabled to do the work of a coal miner or other work requiring similar physical exertion" (DX 8; DX 21, pp. 287-289, 502-503).

b.  Dr. West was deposed by counsel for the Miner on July 25, 1983, at which time he recounted his earlier findings and stated that the Miner has coal workers' pneumoconiosis (DX 21, p. 269).

## V.  DISCUSSION AND APPLICABLE LAW

To establish entitlement to benefits on a survivor's claim filed on or after January 1, 1982, a claimant must establish that the miner had pneumoconiosis, that the miner's pneumoconiosis arose out of coal mine employment, and that the miner's death was due to pneumoconiosis. Twenty C.F.R. §§ 718.202(a), 718.203(a), and 718.205(a).[8]  In a Part 718 survivor's claim, the Administrative Law Judge must make a threshold determination as to the existence of pneumoconiosis under 20 C.F.R. § 718.202(a) prior to considering whether the Miner's death was due to the disease under § 718.205.  *See Trumbo v. Reading Anthracite Co.*, 17 B.L.R. 1-85, 1-88 (1993). As the Miner's last coal mine employment was in the Commonwealth of Kentucky, the law of the Sixth Circuit Court of Appeals applies.

The issues of pneumoconiosis and pneumoconiosis arising out of coal mine employment were litigated, decided, and not appealed in the living Miner's claim.  At the formal hearing held on November 29, 2001 in Madisonville, Kentucky, the Employer withdrew controversion to the issues of pneumoconiosis and pneumoconiosis arising out of coal mine employment (Tr. 8-9).  Therefore, I find that the Miner's pneumoconiosis arising out of coal mine employment has been established in this survivor's claim, pursuant to §§ 718.202(a) and 718.203(b).

For survivors' claims filed on or after January 1, 1982, § 718.205(c) provides three means by which death due to pneumoconiosis may be established:  (1) Where competent medical

---

[8]     The revised regulations, effective January 19, 2001, make no substantive changes to these regulations.

-12-

evidence establishes that pneumoconiosis was the cause of the miner's death; or, (2) Where pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or where the death was caused by complications of pneumoconiosis; or, (3) Where the presumption set forth at § 718.304 [complicated pneumoconiosis] is applicable. According to § 718.205(c)(5), pneumoconiosis is a "substantially contributing cause" of a miner's death if it hastens the miner's death. *See* 20 C.F.R. § 718.205(c). The United States Court of Appeals for the Sixth Circuit held that pneumoconiosis is a substantially contributing cause or factor leading to the miner's death if it serves to hasten that death in any way. *Griffith v. Director, OWCP*, 49 F.3d 184 (6th Cir. 1995). This means that any acceleration of the miner's death attributable to pneumoconiosis, however small, will qualify as a substantially contributing cause of death and entitle the widow to benefits.

The record contains the opinions of three physicians, Drs. Fino, Caffrey, and Burki, who address the issue of whether pneumoconiosis caused or hastened the Miner's death. These post-death medical reports are the only reports that address the cause of the Miner's death.

Drs. Fino and Caffrey reviewed the Miner's medical and hospital records and x-rays dated from February 2000 through May 2000 and issued consultative reports. Dr. Burki reviewed the medical evidence provided by the Department of Labor and issued an opinion as to the cause of the Miner's death. Physicians need not examine the miner in order for their reports to be probative. *Brown v. Director, OWCP*, 7 B.L.R. 1-730 (1985); *Chancey v. Consolidation Coal Co.*, 7 B.L.R. 1-240 (1984). Dr. Fino, a B reader and Board-certified Internist and Pulmonologist, stated that carcinoma of the pancreas is a uniformly fatal condition, and that coal workers' pneumoconiosis did not cause, contribute to, or hasten the Miner's death (EX 2). Dr. Caffrey, a Board-certified Anatomical and Clinical Pathologist, noted that there is a higher incidence of pancreatic cancer in smokers, such as the Miner, and concluded that pneumoconiosis "definitely did not cause, contribute to, or hasten his death" (EX 1). Dr. Burki stated that the Miner's death was due to pneumonia and pancreatic cancer, and that there is no evidence that pneumoconiosis contributed to or hastened the Miner's death (DX 9). All three reports are reasoned, documented, and supported by the evidence of record.

The Miner's death certificate, completed by Dr. Armstrong, lists the immediate cause of death as carcinoma of the pancreas, due to or as a consequence of pneumonia, due to or as a

-13-

consequence of pneumoconiosis (DX 6). The records from the Miner's hospital admissions state that the Miner has a "history of chronic obstructive pulmonary disease and coal workers pneumoconiosis" (DX 8).

The Claimant argues that the "prevailing weight" should be given to the death certificate which lists pneumoconiosis as a contributing cause of death because it was completed by Dr. Armstrong, the Miner's treating physician (Tr. 25-26). In response, the Employer argues that Dr. Armstrong improperly attributed the Miner's pancreatic cancer to pneumonia and pneumoconiosis, and that the reports by Drs. Fino, Caffrey, and Burki outweigh the contrary evidence (Tr. 26-27).

An Administrative Law Judge "is not required to accord greater weight to the opinion of a physician based solely on his status as claimant's treating physician. Rather, this is one factor which may be taken into consideration . . . ." *Tedesco v. Director, OWCP,* 18 B.L.R. 1-103 (1994). The mere fact a death certificate refers to pneumoconiosis cannot be viewed as a reasoned medical finding, particularly if no autopsy has been performed. *Lango v. Director, OWCP,* 104 F.3d 573 (3rd Cir. 1997); *Risher v. Office of Workers' Compensation Programs,* 940 F.2d 327, 331 (8th Cir. 1991). A death certificate stating that pneumoconiosis contributed to the miner's death, without some further explanation, is insufficient. *Bill Branch Coal Co. v. Sparks,* 213 F.3d 186 (4th Cir. 2000). As Dr. Armstrong provided no explanation or reasoning for his notation on the Miner's death certificate that pneumoconiosis contributed to the Miner's death, I accord his opinion less weight and find that it is outweighed by the opinions of Drs. Fino, Caffrey, and Burki, which are better reasoned, documented, and supported by the weight of the medical evidence. I also accord substantial weight to the opinions of Drs. Fino and Caffrey due to their superior diagnostic skills as Board-certified Specialists in Pulmonology and Pathology, respectively.

Based on a review of the evidence of record, I find that the Claimant has not shown that the Miner's death was due to pneumoconiosis, or that pneumoconiosis was a substantially contributing cause or factor leading to the Miner's death.

## VI. ENTITLEMENT

The Claimant, Eva Elizabeth Hill, has failed to establish that the Miner's death was due to pneumoconiosis and, therefore, she has failed to establish entitlement to benefits under the Act.

1-65
J.A. 32

## VII.  ATTORNEY'S FEES

The award of attorney's fees is permitted only in cases in which the claimant is found to be entitled to benefits under the Act. Because benefits are not awarded in this case, the Act prohibits the charging of any fee to the Claimant for representation services rendered in pursuit of the claim.

## VIII.  ORDER

It is, therefore,

ORDERED that the claim of Eva Elizabeth Hill for benefits under the Act is hereby DENIED.

*Robert L. Hillyard*

ROBERT L. HILLYARD
Administrative Law Judge


NOTICE OF APPEAL RIGHTS:  Pursuant to 20 C.F.R. § 725.481, any party dissatisfied with this Decision and Order may appeal it to the Benefits Review Board within thirty (30) days from the date of this Decision by filing a Notice of Appeal with the Benefits Review Board,  P.O. Box 37601, Room S-5220, Washington, D.C., 20013-7601. A copy of this Notice of Appeal must also be served on Donald S. Shire, Associate Solicitor for Black Lung Benefits, 200 Constitution Avenue, N.W., Room N-2117, Washington, D.C., 20210.

1-66

J.A. 33

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 02-0433 BLA

| | | |
|---|---|---|
| ELIZABETH HILL | ) | **NOT-PUBLISHED** |
| (Widow of ARTHUR HILL) | ) | |
| | ) | |
| Claimant-Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | DATE ISSUED: ___JAN 28 2003___ |
| PEABODY COAL COMPANY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OLD REPUBLIC INSURANCE COMPANY | ) | |
| | ) | |
| Employer/Carrier- | ) | |
| Respondents | ) | |
| | ) | |
| DIRECTOR, OFFICE OF WORKERS' | ) | |
| COMPENSATION PROGRAMS, UNITED | ) | |
| STATES DEPARTMENT OF LABOR | ) | |
| | ) | |
| Party-in-Interest | ) | DECISION and ORDER |

Appeal of the Decision and Order of Robert L. Hillyard, Administrative Law Judge, United States Department of Labor.

Brent Yonts, Greenville, Kentucky, for claimant.

Laura Metcoff Klaus (Greenberg Traurig LLP), Washington, D.C., for employer.

Before: DOLDER, Chief Administrative Appeals Judge, SMITH, Administrative Appeals Judge, McGRANERY, Administrative Appeals Judge.

PER CURIAM:

Claimant appeals the Decision and Order (00-BLA-0977) of Administrative Law Judge Robert L. Hillyard, denying benefits on a claim filed pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. §901 *et seq.* (the

Act).[1]  The administrative law judge credited the miner with forty-one years of coal mine employment and adjudicated this survivor's claim pursuant to the regulations contained in 20 C.F.R. Part 718 (2001).[2]  The administrative law judge found that claimant established the existence of pneumoconiosis arising out of coal mine employment pursuant to 20 C.F.R. §§718.202(a) and 718.203(b).  However, the administrative law judge further found that the evidence was insufficient to establish that the miner's death was due to pneumoconiosis pursuant to 20 C.F.R. §718.205(c).  Accordingly, the administrative law judge denied benefits.

On appeal, claimant challenges the administrative law judge's finding that the evidence was insufficient to establish that the miner's death was due to pneumoconiosis at Section 718.205(c).  Employer responds, urging affirmance of the administrative law judge's denial of benefits.  The Director, Office of Workers' Compensation Programs, has declined to participate in this appeal.

The Board's scope of review is defined by statute.  If the administrative law judge's findings of fact and conclusions of law are supported by substantial evidence, are rational, and are consistent with applicable law, they are binding upon this Board and may not be disturbed. 33 U.S.C. §921(b)(3), as incorporated into the Act by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

Benefits are payable on a survivor's claim filed on or after January 1, 1982, only when the claimant establishes that the miner had pneumoconiosis arising out of coal mine employment and that the miner's death was due to pneumoconiosis.[3]  *See* 20 C.F.R. §§718.1,

---

[1]Claimant is the widow of the miner, Arthur Hill, who died on May 9, 2000.  Director's Exhibit.  The miner filed a claim on June 20, 1983.  On October 5, 1987, Administrative Law Judge Frederick D. Neusner awarded benefits.  The award of benefits in the miner's claim was ultimately affirmed by the United States Court of Appeals for the Sixth Circuit.  Claimant filed a survivor's claim on June 19, 2000.  Director's Exhibit 1.

[2]The Department of Labor has amended the regulations implementing the Federal Coal Mine Health and Safety Act of 1969, as amended.  These regulations became effective on January 19, 2001, and are found at 20 C.F.R. Parts 718, 722, 725 and 726.  All citations to the regulations, unless otherwise noted, refer to the amended regulations.

[3]Section 718.205(c) provides, in pertinent part, that death will be considered to be due to pneumoconiosis if any of the following criteria is met:

(1) Where competent medical evidence establishes that pneumoconiosis was

2

718.202(a), 718.205(c); *Trumbo v. Reading Anthracite Co.*, 17 BLR 1-85 (1993); *Neeley v. Director, OWCP*, 11 BLR 1-85 (1988); *Boyd v. Director, OWCP*, 11 BLR 1-39 (1988). Pursuant to Section 718.205(c)(5), pneumoconiosis is considered a substantially contributing cause of death if it hastened the miner's death. 20 C.F.R. §718.205(c)(5); *see also Brown v. Rock Creek Mining Co., Inc.*, 996 F.2d 812, 17 BLR 135 (6th Cir. 1993).

Upon considering the evidence relevant to Section 718.205(c), the administrative law judge found that the opinions of three physicians - Drs. Fino, Caffrey, and Burki - addressed the issue of whether pneumoconiosis caused or hastened the miner's death.[4] The administrative law judge found that all three reports, in which the physicians concluded that pneumoconiosis did not play a role in the miner's death, are reasoned, documented, and supported by the evidence of record. Decision and Order at 13. The administrative law judge also considered the death certificate in which Dr. Armstrong listed the immediate cause of death as carcinoma of the pancreas and identified pneumonia and pneumoconiosis as

---

the cause of the miner's death, or
(2) Where pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or where the death was caused by complications of pneumoconiosis, or
(3) Where the presumption set forth at §718.304 is applicable....
(5) Pneumoconiosis is a "substantially contributing cause" of a miner's death if it hastens the miner's death.

20 C.F.R. §718.205(c).

[4]Dr. Burki reviewed the medical evidence and in response to an inquiry letter from the Office of Workers' Compensation Programs regarding the cause of death, concluded that the miner's death was due to pneumonia and pancreatic carcinoma, neither of which was related to pneumoconiosis. The physician further opined that there is no evidence that pneumoconiosis contributed to or hastened the miner's death. Director's Exhibit 9.

Dr. Caffrey reviewed the miner's medical records and opined on September 5, 2001 that the miner's death was due to carcinoma of the pancreas and pneumonia, but that the miner did suffer from simple coalworkers' pneumoconiosis which did not cause, contribute to, or hasten the miner's death. Employer's Exhibit 1.

Dr. Fino issued a report on October 17, 2001 based on a review of the medical record. He concluded that carcinoma of the pancreas is a uniformly fatal condition and that coalworkers' pneumoconiosis did not cause, contribute to or hasten the miner's death. Employer's Exhibit 2.

*1-20*
J.A. 36



contributing causes of death. Director's Exhibit 6. The administrative law judge accorded less weight to the death certificate, as Dr. Armstrong did not provide an explanation for his apparent determination that pneumoconiosis contributed to the miner's death. The administrative law judge gave greater weight to the opinions of Drs. Burki, Caffrey and Fino as he found them to be better reasoned and documented. Furthermore, the administrative law judge accorded substantial weight to the opinions of Drs. Fino and Caffrey due to their qualifications as Board-certified specialists in pulmonology and pathology, respectively. Decision and Order at 14. The administrative law judge concluded, therefore, that the weight of the evidence did not support a finding that the miner's death was due to pneumoconiosis.

On appeal, claimant asserts that the administrative law judge should have given dispositive weight to the death certificate as it was completed by the miner's treating physician. This contention is without merit. While the Sixth Circuit, within whose jurisdiction this case arises, has held that the opinions of treating physicians should be given their proper deference, *see Tussey v. Island Creek Coal Co.*, 982 F.2d 1036, 17 BLR 2-16 (6th Cir. 1993), the court has also held that there is no requirement that administrative law judges give conclusive weight to the opinions of treating physicians.[5] The court has further held that an administrative law judge may properly determine that the opinion of a treating physician is entitled to diminished weight, as it is not well documented or well reasoned. *See Wolf Creek Collieries v. Director, OWCP [Stephens]*, 298 F.3d 511, BLR   (6th Cir. 2002); *Griffith v. Director, OWCP*, 49 F.3d 184, 19 BLR 2-111 (6th Cir. 1995). In the instant case, therefore, the administrative law judge acted within his discretion in finding that the death certificate was unreasoned in light of Dr. Armstrong's failure to explain his conclusions. Moreover, the administrative rationally accorded greater weight to the opinions of Drs. Fino and Caffrey based upon their superior credentials. *See Griffith, supra.*

The Board cannot reweigh the evidence or substitute its inferences for those of the administrative law judge. *See Anderson v. Valley Camp of Utah, Inc.*, 12 BLR 1-111 (1989); *Fagg v. Amax Coal Co.*, 12 BLR 1-77 (1988); *Worley v. Blue Diamond Coal Co.*, 12 BLR 1-20 (1988). Thus, we reject claimant's assertion that the administrative law judge should have given dispositive weight to the death certificate prepared by Dr. Armstrong based upon Dr. Armstrong's status as the miner's treating physician.[6] Further, since it is supported by

---

[5]This case arises within the jurisdiction of the United States Court of Appeals for the Sixth Circuit, as the miner's qualifying coal mine employment occurred in the Commonwealth of Kentucky. Director's Exhibit 2; *see Shupe v. Director, OWCP*, 12 BLR 1-200 (1989)(en banc).

[6]The revised regulation at 20 C.F.R. §718.104(d)(5) provides that "[i]n appropriate cases, the relationship between the miner and his treating physician may constitute substantial

substantial evidence, we affirm the administrative law judge's finding that the evidence is insufficient to establish that the miner's death was due to pneumoconiosis at 20 C.F.R. §718.205(c). *See Director, OWCP v. Greenwich Collieries [Ondecko]*, 512 U.S. 267, 18 BLR 2A-1 (1994), *aff'g Greenwich Collieries v. Director, OWCP*, 990 F.2d 730, 17 BLR 2-64 (3d Cir. 1993); *see also Brown, supra*.

In view of our affirmance of the administrative law judge's finding that the evidence is insufficient to establish that the miner's death was due to pneumoconiosis under Section 718.205(c), an essential element of entitlement, *see Trumbo, supra; Trent v. Director, OWCP*, 11 BLR 1-26 (1987); *Perry v. Director, OWCP*, 9 BLR 1-1 (1986)(*en banc*), we affirm the administrative law judge's denial of benefits.

---

evidence in support of the adjudication officer's decision to give that physician's opinion *controlling* weight, provided that the weight given to the opinion of a miner's treating physician shall also be based on the credibility of the physician's opinion in light of its reasoning and documentation, other relevant evidence and the record as a whole." 20 C.F.R. §718.104(d)(5) (emphasis added). The revised regulation at Section 718.104(d)(5) does not apply to the instant claim because it was filed before January 19, 2001. *See* 20 C.F.R. §725.2.

Accordingly, the administrative law judge's Decision and Order denying benefits is affirmed.

SO ORDERED.

NANCY S. DOLDER, Chief
Administrative Appeals Judge


ROY P. SMITH
Administrative Appeals Judge


REGINA C. McGRANERY
Administrative Appeals Judge

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 03-3321

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

APR 0 7 2004

LEONARD GREEN, Clerk

| | |
|---|---|
| ELIZABETH HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| PEABODY COAL COMPANY; OLD | ) |
| REPUBLIC INSURANCE COMPANY; | ) |
| DIRECTOR, OFFICE OF WORKERS' | ) |
| COMPENSATION PROGRAMS, UNITED | ) |
| STATES, | ) |
| | ) |
| Respondents. | ) |

ON APPEAL FROM THE UNITED
STATES DEPARTMENT OF LABOR,
BENEFITS REVIEW BOARD

NOT RECOMMENDED FOR FULL-TEXT
PUBLICATION
Sixth Circuit Rule 28(g) limits citation to specific situations.
Please see Rule 28(g) before citing in a proceeding in a court
in the Sixth Circuit. If cited, a copy must be served on other
parties and the Court.
This notice is to be prominently displayed if this decision
is reproduced.

Before: KENNEDY, ROGERS, and COOK, Circuit Judges.

**Rogers, Circuit Judge.** Eva Elizabeth Hill, the widow of a coal miner, filed a pro se petition

for review of a Benefits Review Board decision affirming the determination by an administrative law

judge (an "ALJ") denying her claim for survivor benefits under the Black Lung Benefits Act, 30

U.S.C. §§ 901-45. Because there was sufficient evidence in the record supporting the ALJ's decision

to deny Mrs. Hill benefits, we affirm the determination of the Benefits Review Board.

Arthur L. Hill was born in 1921 and married the petitioner in 1947. Mr. Hill worked in the

coal mines of western Kentucky for forty-one years until 1983 and smoked for fifty years before

quitting in 1997. Mr. Hill was awarded black lung benefits in 1987. *See Peabody Coal Co. v. Hill*,

123 F.3d 412 (6th Cir. 1997).

1-4

*Hill v. Peabody Coal Co.*, No. 03-3321

Mr. Hill was diagnosed with pancreatic cancer in February 2000 and underwent chemotherapy soon thereafter. At least four times during March and April, Mr. Hill was hospitalized with abdominal pain and nausea. During these hospitalizations, Mr. Hill's doctor noted that Mr. Hill had a history of chronic obstructive pulmonary disease and pneumoconiosis.

Mr. Hill was admitted to the hospital on May 7, 2000 after complaining of weakness and a cough; he was diagnosed with having pneumonia in his right lung. Mr. Hill died two days later on May 9, 2000. Dr. Armstrong listed "carcinoma of pancreas," "pneumonia," and "pneumonoconiosos" [sic] as the causes of Mr. Hill's death.

Several weeks later, Mrs. Hill, a Kentucky citizen, filed a survivor's claim for benefits under the black lung program. Mrs. Hill's claim was denied by the U.S. Department of Labor's Office of Workers' Compensation Programs ("OWCP") on October 3, 2000. Mrs. Hill appealed and received a hearing, and, on February 20, 2002, an ALJ denied her benefits after deciding that pancreatic cancer, a condition unrelated to black lung, caused her husband's death. Mrs. Hill appealed the ALJ's ruling to the Department of Labor's Benefits Review Board ("BRB"), but on January 28, 2003, the BRB affirmed the ALJ's decision. Mrs. Hill appeals that decision to this court and argues that the ALJ did not have sufficient evidence to conclude that pneumoconiosis did not hasten her husband's death.

This court reviews a decision in a black lung benefits case to determine whether it is "supported by substantial evidence and was reached in conformance with applicable law." *Glen Coal Co. v. Seals*, 147 F.3d 502, 510 (6th Cir. 1998). "Substantial evidence is such relevant

1-5

*Hill v. Peabody Coal Co.*, No. 03-3321

evidence as a reasonable mind might accept as adequate to support a conclusion." *Wolf Creek*

*Collieries v. Director, OWCP*, 298 F.3d 511, 519 (6th Cir. 2002) (internal quotations omitted).

Survivors of miners may receive benefits if they can prove by a preponderance of the

evidence that "(1) the miner had pneumoconiosis; (2) the miner's pneumoconiosis arose out of coal

mine employment; and (3) the miner's death was due to pneumoconiosis." *Id.* at 520; 20 C.F.R. §

718.205(a). The first two criteria are not at issue in this case. With regard to the last element, this

court has stated that:

> For claims filed after January 1, 1982, [20 C.F.R.] § 718.205(c) establishes three
> criteria by which a miner's death due to pneumoconiosis may be established: (1)
> where competent medical evidence establishes that pneumoconiosis was the cause
> of the miner's death, or (2) where pneumoconiosis was a substantially contributing
> cause or factor leading to the miner's death or where the death was caused by
> complications of pneumoconiosis, or (3) where the presumption set forth at [20
> C.F.R.] § 718.304 is applicable. 20 C.F.R. § 718.205(c). Pneumoconiosis is a
> "substantially contributing cause" of a miner's death *if it hastens the miner's death.*
> 20 C.F.R. § 718.205(c)(5). *See also, Brown v. Rock Creek Mining,* 996 F.2d 812,
> 815 (6th Cir. 1993).

*Wolf Creek Collieries,* 298 F.3d at 520 (emphasis added). The focus of this appeal is whether

pneumoconiosis hastened Mr. Hill's death. *See Piney Mountain Coal Co. v. Mays,* 176 F.3d 753,

757 (4th Cir. 1999) ("The ultimate issue before the ALJ was whether 'pneumoconiosis' . . . actually

hastened [the miner's] death, notwithstanding that he would have died eventually of [pancreatic]

cancer, and the ultimate issue before us is whether the ALJ's finding that it did is in accordance with

law and supported by substantial evidence.").

The ALJ had sufficient evidence to determine that Mr. Hill died of pancreatic cancer and that

black lung did not hasten his death. The ALJ relied on the decisions of three medical experts. First,

Dr. Gregory J. Fino, who reviewed Mr. Hill's medical records, chest x-rays, and medical history,

- 3 -

1 - 6

*Hill v. Peabody Coal Co.*, No. 03-3321

concluded that "carcinoma of the pancreas is a uniformly fatal condition. Coal workers' pneumoconiosis did not cause, contribute to nor hasten his death." Second, Dr. P. Raphael Caffrey also reviewed Mr. Hill's medical records and chest x-rays and issued a report, which stated that "the simple coalworkers' pneumoconiosis that Mr. Hill was said to have had definitely did not cause, contribute to, or hasten his death." Dr. Caffrey continued by opining that Mr. Hill's death was caused by pancreatic cancer and pneumonia and that smoking increases the risk of pancreatic cancer but that coal mining does not. Third, Dr. N.K. Burki responded to an OWCP inquiry letter by stating that Mr. Hill's "death was due to pneumonia and pancreatic carcinoma for which he was repeatedly admitted to the hospital. Neither of these 2 conditions is related to pneumoconiosis. There is no evidence that the pneumoconiosis contributed to, or hastened his death." The ALJ found these three reports to be "reasoned, documented, and supported by the evidence of record" and accorded Drs. Fino and Caffrey "substantial weight . . . due to their superior diagnostic skills . . . ."

Mrs. Hill's argument is essentially based upon the death certificate signed by Dr. Armstrong—her husband's treating physician—which listed pneumoconiosis as a cause of death. Dr. Armstrong never provided an explanation for his finding. Thus, the ALJ did not give much deference to Dr. Armstrong's opinion and found that pneumoconiosis was not a substantial factor or cause of Mr. Hill's death.

Last year, in light of the Supreme Court decision in *Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003), this court concluded that, in black lung cases, "the testimony of the 'treating physician' receives no additional weight." *Eastover Mining Co. v. Williams*, 338 F.3d 501, 509 (6th Cir. 2003). The court in *Eastover* stated that "in black lung litigation, the opinions of treating

- 4 -

*Hill v. Peabody Coal Co.*, No. 03-3321

physicians get the deference they deserve based on their power to persuade." *Id.* at 513 "For instance, a highly qualified treating physician who has lengthy experience with a miner may deserve tremendous deference, where as a treating physician without the right pulmonary certifications should have his opinions appropriately discounted." *Id.* In addition, the Fourth Circuit has held that the simple notation on a death certificate that pneumoconiosis was a factor contributing to death without explanation is not enough to award survivor benefits. *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 192 (4th Cir. 2000). Thus, Dr. Armstrong's listing of pneumoconiosis on the death certificate is insufficient evidence, by itself, in contrast with three more detailed doctor's opinions, for this court to conclude that the ALJ's decision was not supported by sufficient evidence.

Because the determination that pneumoconiosis did not contribute to Mr. Hill's death is supported by substantial evidence, we AFFIRM the ruling by the Benefits Review Board that sustained the decision of the administrative law judge denying survivor's benefits in this case.

I-8

J.A. 44

RECEIVED JUN 0 3 2004

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No: 03-3321

Filed: June 1, 2004

ELIZABETH HILL

      Petitioner

   v.

PEABODY COAL COMPANY; OLD REPUBLIC INSURANCE COMPANY;
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES

      Respondents

### MANDATE

Pursuant to the court's disposition that was filed 4/7/04
the mandate for this case hereby issues today.

A True Copy.

COSTS:   NONE

Attest:

_Deputy Clerk_

# Registrar of Vital Statistics
## Certified Copy



THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND - NOT A WHITE BACKGROUND

FORM VS NO. 1-A
(Rev. 8/96)

**COMMONWEALTH OF KENTUCKY**
**CABINET FOR HEALTH SERVICES**
REGISTRAR OF VITAL STATISTICS

116 _____

CERTIFICATE OF DEATH

FILE NO.

Amended 06-13-2000 mvc

Register's No. **013719**

| 1. DECEDENT'S NAME (First, Middle, Last) | 2. SEX | 3. DATE OF DEATH (Month, Day, Year) |
|---|---|---|
| ARTHUR LEE HILL | Male | May 9, 2000 |

| 4. SOCIAL SECURITY NO. | 5a. AGE Last Birthday (Years) | 5b. UNDER 1 YEAR (Months) (Days) | 5c. UNDER 1 DAY (Hours) (Minutes) | 6. DATE OF BIRTH (Month, Day, Year) | 7. BIRTHPLACE (City/State or Foreign Country) |
|---|---|---|---|---|---|
| | 78 | | | Sept 15, 1921 | MUHL CO, KY |

8. WAS DECEDENT EVER IN U.S. ARMED FORCES? (Yes or No) **Yes**

9a. PLACE OF DEATH (Check only one)
HOSPITAL: ☒ Inpatient ☐ ER/Outpatient ☐ DOA
OTHER: ☐ Nursing Home ☐ Residence ☐ Other/Specify

| 9b. FACILITY NAME (If not institution, give street and number) | 9c. CITY, TOWN, OR LOCATION OF DEATH | 9d. COUNTY OF DEATH |
|---|---|---|
| MUHLENBERG COMMUNITY HOSPITAL | GREENVILLE | MUHLENBERG |

| 10. MARITAL STATUS (Married, Never Married, Widowed, Divorced (Specify)) | 11. SURVIVING SPOUSE (If wife, give maiden name) | 12a. DECEDENT'S USUAL OCCUPATION (Give kind of work done during most of working life. Do Not use retired) | 12b. KIND OF BUSINESS/INDUSTRY |
|---|---|---|---|
| Married | ELIZABETH KNIGHT | MINER | COAL MINES |

| 13a. RESIDENCE - State | 13b. COUNTY | 13c. CITY, TOWN, OR LOCATION | 13d. STREET AND NUMBER |
|---|---|---|---|
| KY | MUHLENBERG | DRAKESBORO | P.O. BOX 382 |

| 13e. INSIDE CITY LIMITS? (Yes or No) | 13f. ZIP CODE | 14. WAS DECEDENT OF HISPANIC ORIGIN? (Specify No or Yes - if yes, specify Cuban, Mexican, Puerto Rican, etc.) | 15. RACE — American Indian, Black, White, etc. (Specify) | 16. DECEDENT'S EDUCATION (Specify only highest grade completed) Elementary/Secondary (0-12) College (1-4 or 5+) |
|---|---|---|---|---|
| No | 42337 | ☒ No ☐ Yes | White | 7 |

| 17. FATHER'S NAME (First, Middle, Last) | 18. MOTHER'S NAME (First, Middle, Maiden Surname) |
|---|---|
| CONNIE HILL | ARTIE HOGANS |

| 19a. INFORMANT'S NAME | 19b. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) |
|---|---|
| ELIZABETH HILL | P.O. BOX 382, DRAKESBORO, KY 42337 |

| 20a. METHOD OF DISPOSITION | 20b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) | 20c. LOCATION (City, Town or State) |
|---|---|---|
| ☒ Burial ☐ Cremation ☐ Removal from State ☐ Donation ☐ Other (Specify) | ROSE HILL CEMETERY | CENTRAL CITY, KY |

21a. SIGNATURE OF FUNERAL SERVICE LICENSEE (Or person acting as such)  *Joe Du Tuener*

21b. NAME AND ADDRESS OF FACILITY
TUCKER FUNERAL HOME, INC.
113 NORTH THIRD STREET, CENTRAL CITY, KY 42330

22a. To the best of my knowledge, death occurred at the time, date, location and due to the cause(s) stated.
Signature and Title  *Aubrey L. Armstrong*

22b. DATE SIGNED (Month, Day, Year) 5/9/00

24. NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (ITEM 28)
Aubrey L. Armstrong, M.D.  211 S. Cherry Street Greenville, KY 42345

| 25. TIME OF DEATH | 26. DATE PRONOUNCED DEAD (Month, Day, Year) | 27. WAS CASE REFERRED TO MEDICAL EXAMINER/CORONER? (Yes or No) |
|---|---|---|
| 11:15 AM | May 9, 2000 | No |

28. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock or heart failure. List only one cause on each line.

IMMEDIATE CAUSE (Final disease or condition resulting in death)  a. Carcinoma of Pancreas
DUE TO (OR AS A CONSEQUENCE OF):

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST
b. Pneumonia
DUE TO (OR AS A CONSEQUENCE OF):
c. Pneumonoconiosos
DUE TO (OR AS A CONSEQUENCE OF):

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.

| 28a. If female, was there a pregnancy in the past 12 months (Yes or No) | 28b. Was autopsy performed (Yes or No) | 28c. Were autopsy findings available prior to completion of cause of death? (Yes or No) |
|---|---|---|
| | No | No |

| 29. MANNER OF DEATH | 30a. DATE OF INJURY (Month, Day, Year) | 30b. TIME OF INJURY | 30c. INJURY AT WORK? (Yes or No) | 30d. DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|---|
| ☐ Natural ☐ Pending Investigation ☐ Accident ☐ Suicide ☐ Could not be determined ☐ Homicide | | | | |

30e. PLACE OF INJURY - At home, farm, street, factory, office building, etc. (Specify) | 30f. LOCATION (Street and number or Rural Route Number, City or Town)

31. REGISTRAR'S SIGNATURE  *Sandra J Davis*

32. DATE FT  MAY 19 2000

RECEIVED JUN 19 2000  ESA/OWCP/DCMWC PIKEVILLE KY

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

I, Sandra J. Davis, State Registrar of Vital Statistics, hereby certify this to be a true and correct copy of the certificate of birth, death, marriage or divorce of the person therein named, and that the original certificate is registered under the file number shown. In testimony thereof I have hereunto subscribed my name and caused the official seal of the Office of Vital Statistics at Frankfort, Kentucky this _____ day of _____ 20___

DIRECTOR EXHIBIT
NO. 14 CONSISTING
OF 1 PAGES

*Sandra J Davis*

46

# Survivor's Form For Benefits Under The Black Lung Benefits Act

## U.S. Department of Labor

Office of Workers' Compensation Programs
Division of Coal Mine Workers' Compensation



Reset   Print

| | |
|---|---|
| If you are a survivor of a person who was receiving Federal black lung benefits resulting from a claim filed before 1982, this form is a Survivor's Notification of the Beneficiary's Death. Otherwise, this is a claim for survivor's benefits. This form is authorized by the Black Lung Benefits Act (30 U.S.C. 901, et seq.) and by 20 C.F.R. 410.221 and 20 C.F.R. 725.304. This information will be used to determine possible eligibility for and the amount of benefits payable under the Act. Benefits may be payable to you, your children and all children of the deceased miner. The information on this form is required to obtain a benefit. However, disclosure of your or the deceased miner's Social Security Number is voluntary; the failure to disclose such number will not result in the denial of any right, benefit or privilege to which an individual may be entitled. | OMB No.: 1240-0027 Expires: 10/31/2013 **(For Agency use only)** |

1. Deceased Coal Miner's Name: (First, Middle, Last)  Arthur   L.   Hill

2. Deceased Coal Miner's Social Security Number: ▮▮▮▮▮▮

3. COAL MINER's BIRTH AND DEATH DATES (ATTACH DEATH CERTIFICATE, IF AVAILABLE)

Date of birth: 09/15/1921     Date of death: 05/09/2000     Autopsy?  ☐ Yes  ☑ No

4. Your name:  First  Eva   Middle  E   Last  Hill

5. Your Social Security Number: ▮▮▮▮▮▮     6. Your date of birth: 04/12/1930

7. SHOW YOUR RELATIONSHIP TO THE MINER

☑ Surviving Spouse (wife or Husband)     ☐ Dependent Child

☐ Surviving Divorced Spouse     ☐ Dependent Parent, Brother or Sister

| | | Yes | No |
|---|---|---|---|
| 8. | Have you or the miner ever filed a State or Federal workers' compensation claim for death or disability due to coal workers' pneumoconiosis (Black Lung) or any other lung conditions? | ☐ Yes | ☐ No |
| 9. | Have you or any dependent of the miner ever received Federal Black Lung Benefits under **another miner's Social Security number?** | ☐ Yes | ☐ No |

• IF YOU ARE FILING AS A CHILD, PARENT, BROTHER OR SISTER, GO TO QUESTION 12.

| | | Yes | No |
|---|---|---|---|
| 10. | Do you or the miner have any **dependent children under age 18, age 18 to 23 and attending school, 18 or older and disabled?** | ☐ Yes | ☑ No |
| 11. | Were you or the miner ever married to anyone else at anytime? | ☐ Yes | ☑ No |
| 12. | Do you authorize any physician, hospital, agency or other organization (including Social Security Administration) to disclose to the Department of Labor any medical records or information important to your claim? | ☑ Yes | ☐ No |
| 13. | The following events may affect your entitlement to Federal Black Lung Benefits. Do you agree to notify the U.S. Department of Labor promptly if any of the events listed below occur? | ☑ Yes | ☐ No |

• You become entitled to receive any workers' compensation or occupational disease payments because of the miner's disability or death due to pneumoconiosis (Black Lung Disease).

• A person receiving benefits marries, dies, or is adopted by someone else, becomes disabled or the existing disability ceases, or if divorced, receives support payments from previous spouse.

• A child (age 18-23) stops attending school, or in the case of the disabled child (age 18 or over), the disabling condition improves.

## RECEIVED

(PLEASE COMPLETE THE OTHER SIDE OF THIS FORM)

## JAN 1 8 2011

DIRECTOR EXHIBIT
NO. 9   CONSISTING
OF 2   PAGES

9-1

OWCP/DCMWC Form CM-912
PIKEVILLE, KY. Rev. Oct 1998

Page 4 of

## PRIVACY ACT NOTICE

In accordance with the Privacy Act of 1974 (5 U.S.C. 552a), as amended, you are hereby notified that: (1) the Black Lung Benefits Act (BLBA) (30 U.S.C.901 et seq.), as amended, is administered by the Office of Workers' Compensation Programs (OWCP) of the U.S. Department of Labor, which receives and maintains personal information, relative to this application, on claimants and their immediate families; (2) information obtained by OWCP will be used to determine eligibility for benefits payable under the BLBA; (3) information may be given to coal mine operators potentially liable for payment of the claim or to the insurance carrier or other entity which secured the operator's compensation liability; (4) information may be given to physicians or other medical service providers for use in providing treatment, making evaluations and for other purposes relating to the medical management of the claim; (5) information may be given to the Department of Labor's Office of Administrative Law Judges, or other person, board or organization, which is authorized or required to render decisions with respect to the claim or other matters arising in connection with the claim; (6) information may be given to Federal, state or local agencies for law enforcement purposes, to obtain information relevant to a decision under the BLBA, to determine whether benefits are being or have been paid properly, and where appropriate, to pursue administrative offset and/or debt collection actions required or permitted by law; (7) disclosure of the claimant's or deceased miner's Social Security Number (SSN) or tax identifying number (TIN) on this form is voluntary, and the SSN and/or TIN and other information maintained by the OWCP may be used for identification and for other purposes authorized by law; (8) failure to disclose all requested information, other than the SSN or TIN, may delay the processing of this claim or the payment of benefits or may result in an unfavorable decision or reduced level of benefits.

COMPUTER MATCHING PROGRAM. The Department of Labor conducts computer matches with the Social Security Administration. Any information provided by applicants for and recipients of financial assistance or payments under Federal benefit programs may be subject to verification through computer matches that the Department of Labor conducts with the Social Security Administration.

## SIGNATURE OF APPLICANT

I hereby certify that the information given by me on and in connection with this form is true and correct to the best of my knowledge and belief. I am also fully aware that any person who willfully makes any false or misleading statement or representation for the purpose of obtaining any benefit or payment under this title shall be guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not more than $1,000, or by imprisonment for not more than one year or both.

| Signature in ink (First, Middle, Last) | Date |
|---|---|
| *Elizabeth Hill* | 01/13/2011 |

| Mailing Address (Number, Street, Apt. No., PO Box, Rural Route) | County you live in |
|---|---|
| PO Box 382 | Muhlenberg |

| City, State, ZIP Code | Area Code and Telephone Number |
|---|---|
| Drakesboro    KY    42337 | (270)476-8818 |

Witnesses are required only if this application has been signed by mark (X) above. If signed by mark (X), two witnesses to the signing who know the applicant must sign below, giving their full address.

| Signature of Witness | Signature of Witness |
|---|---|
| Address of Witness | Address of Witness |
| City, State, ZIP Code | City, State, ZIP Code |

Public reporting for this collection of information is estimated to average 8 minutes per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to U. S. Department of Labor, Division of Coal Mine Workers' Compensation, 200 Constitution Avenue, Room N-3464, Washington, DC 20210. DO NOT SEND THE COMPLETED FORM TO THIS OFFICE.

Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

RECEIVED

JAN 1 8 2011

OWCP/DCMWC
PIKEVILLE, KY

9-2

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2013, I served the foregoing Petitioner's Appendix on the following parties through the CM/ECF system:

> Gary Stearman, Esq.
> blls-sol@dol.gov; Stearman.gary@dol.gov
>
> Barry Joyner, Esq.
> blls-sol@dol.gov; Joyner.barry @dol.gov

and on the following party by U.S. mail, postage prepaid:

> Ms. Eva Elizabeth Hill
> P. O. Box 382
> Drakesboro, Kentucky  42337

Laura Metcoff Klaus